CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 13 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:12cr00032-003 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER MAYO, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Petitioner. | ) | |

Petitioner Christopher Mayo ("Petitioner"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 ("the petition") [ECF No. 215]. This matter is before the court on the government's motion to dismiss the petition. [ECF No. 228.] I have reviewed the pleadings, relevant portions of the record, and applicable law, making this matter ripe for disposition. For the reasons stated herein, I will grant the government's motion and dismiss the petition.

I.

Petitioner was charged in a multi-count, multi-defendant indictment on December 6, 2012. Petitioner was charged with: conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 846 (Count One); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seventeen); selling a firearm to a felon, in violation of 18 U.S.C. § 922(d)(1) (Count Eighteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Nineteen). Petitioner entered into a plea agreement with the government and agreed to plead guilty to Counts Seventeen and Nineteen of the indictment. [ECF No. 73.] In that agreement, Petitioner

stated: "I am pleading guilty as described above because I am in fact guilty . . . ." [ECF No. 73, pg. 2.] Petitioner also waived his right to appeal and/or collaterally attack his sentence:

> I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel.

[ECF No. 73, pg. 9.] After conducting the plea colloquy as required by Federal Rule of Criminal Procedure 11, the court accepted Petitioner's plea of guilty on both counts. Petitioner was thereafter sentenced to 37 months on Count 17 and 60 months on Count Nineteen, to be served consecutively. [ECF No. 99.] Petitioner did not appeal his plea or sentence.

In November 2019, Petitioner filed the present petition, arguing that his plea to Count Seventeen was not knowingly or intelligently made in light of the Supreme Court's 2019 decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). In that case, the Supreme Court held: "We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. Petitioner asserts:

> [His] plea of guilty to the charge [in Count Seventeen] was predicated upon the advice of his defense counsel, who believed that in an unlawful possession of a firearm by a convicted felon prosecution under 18 U.S.C. [§] 922(g) the government did not have to prove that the defendant knew he possessed a firearm and knew he belonged to the relevant category of persons barred from possession a firearm.
> Furthermore, this erroneous belief was also held by the prosecuting attorney who drafted the Indictment and the district court Judge who found a factual basis for the

- 2 -

> defendant's guilty plea. In fact, however, this belief by [Petitioner], his attorney, the prosecutor and the court was erroneous. Unlawful possession of a firearm by an [*sic*] convicted felon under 18 U.S.C. [§§] 922(g) and 924(a) the government must prove that the defendant knew he possessed a firearm and knew he belonged to the relevant category of persons barred from possession a firearm.

[ECF No. 215-1, pg. 5.] The government moved to dismiss his petition, arguing that it is procedurally barred, that the decision in <u>Rehaif</u> does not render Petitioner's guilty plea unknowing or unintelligent, and Petitioner likely would have pled guilty even if it had been obligated to prove he was aware of his status as a convicted felon.

## II.

To state a viable claim for relief under 28 U.S.C. § 2255, a petitioner must prove that: (1) his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2019). A petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

If Petitioner did not challenge his plea on direct appeal, then he has procedurally defaulted his claim. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003). Alternatively, the defendant may show he is "actually innocent." <u>Bousley</u>, 523 U.S. at 622.

Although claims that are "so novel that [their] legal basis is not reasonably available to counsel may constitute cause for a procedural default," id., "claims about the statutory language that have been repeatedly litigated do not qualify," Gray v. United States, No. 3:19 C 607, 2020 WL 127464, at *3 (M.D. Tenn. Jan. 10, 2020). "In Bousley the Supreme Court declined to except from procedural default petitioner's argument that the federal firearm possession statute's application changed after the Court interpreted 'use' as different from mere possession. The fact that a claim was unacceptable to a particular court at the particular time of a plea does not suffice to overcome a procedural default." Id. (citing Bousley, 523 U.S. at 622).

Petitioner's claim here is virtually identical to the one made—and rejected—in Bousley "in that  numerous courts have opined on the 'knowledge of status' argument [Petitioner] asserts here prior to Rehaif." Id.; see, e.g., United States v. Oliver, 693 F.2d 224, 229 (7th Cir. 1982); United States v. Pruner, 606 F.2d 871, 873-74 (9th Cir. 1979); United States v. Williams, 588 F.2d 92, 92-93 (4th Cir. 1978) (per curiam); United States v. Goodie, 524 F.2d 515, 518 (5th Cir. 1975); United States v. Wiley, 478 F.2d 415, 418 (8th Cir. 1973). Given the plethora of challenges levied against § 922(g), Petitioner's claim does not qualify as novel, "either generally or in its particular application to the statute under which he was convicted," Gray, 2020 WL 127464, at *3. Accordingly, Petitioner has failed to show "cause" sufficient to excuse his procedural default.

As to actual innocence, Petitioner has made no argument that he did not commit the crime alleged, and the record is devoid of any facts to support such an argument.[1] Given that he has failed to show cause sufficient to justify his procedural default, and that he has made no argument as to his actual innocence, his petitioner is procedurally default and must be dismissed. Accord Gray, 2020 WL 127464, at *3.

As an exception (both to the procedural default rule and to his plea agreement waiver of collateral attack[2]), ineffective assistance of counsel claims may be brought in the first instance in a timely motion in the district court under § 2255, "whether or not the petitioner could have raised the claim on direct appeal." Massaro, 538 U.S. at 504. "[A] defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's representation fell below an objective standard of reasonableness' . . . and (2) that any such deficiency was 'prejudicial to the defense.'" Garza v. Idaho, 139 S. Ct. 738, 744 (2019) (quoting Strickland v. Washington, 466 U.S. 668, 686-88 (1984)).

Even assuming a petition asserting ineffective assistance of counsel would be timely, Petitioner has not raised one. Petitioner's claim is instead that a change in the law rendered

---

[1] In 2009, Petitioner was sentenced to five years in jail with four suspended for selling cocaine. (PSR ¶ 43 [ECF No. 231].) He was released from custody on August 16, 2010, and was indicted in this case a little over two years later. [ECF No. 3.]

[2] Although not raised by the government, I note that Petitioner waived his right to collaterally attack his conviction in his plea agreement. "Generally, if a district court fully questions a defendant during the Rule 11 hearing regarding his waiver of collateral-attack rights, the waiver is both valid and enforceable." United States v. Saint-Jean, 684 F. Supp. 2d 767, 775 (W.D. Va. 2010) (citing United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991)). It is well-settled that plea agreements are grounded in contract law, and that "each party should receive the benefit of its bargain." United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994). Here, the government dismissed some charges in exchange for Petitioner's plea on others. By waiving the right to collaterally attack his plea and sentence, "a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." Slusser v. United States, 895 F.3d 437, 439 (6th Cir. 2018), cert. denied 139 S. Ct. 1291 (2019). "The subsequent developments in this area of the law do not suddenly make [a defendant's] plea involuntary or unknowing or otherwise undo its binding nature." Id. Because the claim is procedurally defaulted, however, I make no ruling on the validity of Petitioner's waiver of his right to collaterally attack his plea and sentence.

his guilty plea subject to vacatur. See, e.g., United States v. Gary, 954 F.3d 194, 202 (4th Cir. 2020) (holding that it is plain error to accept a guilty plea "based on a pre-Rehaif understanding of the elements of a § 922(g)(1) offense"). That claim, however appealing it may be, has been defaulted. Accordingly, the petition will be dismissed.

## IV.

Because Petitioner has procedurally defaulted on the claim he now presents, his petition will be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all other counsel of record.

**ENTERED** this 13th day of May, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE